IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLIFF O. HANSON,**

    **Plaintiff,**

vs.                                           **Case No. 4:11cv625-SPM/WCS**

**LEON COUNTY, FLORIDA,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this § 1983 civil rights case on December 14, 2011. Doc. 1. Plaintiff is currently located at the Leon County Jail, inmate number 149491. *Id.* Plaintiff initially filed a motion for *in forma pauperis* status, doc. 2, which was deficient, *see* doc. 4, and Plaintiff was directed to supplement the motion. Plaintiff has now complied and has filed another *in forma pauperis* motion, doc. 5.

Plaintiff is a frequent filer in this Court, but he has attempted to deceive this Court as to the number of prior cases he has filed. In light of fairly recent dismissals for having failed to honestly disclose cases in the past, Plaintiff's failure to list his cases is not accidental but must be deemed to be willful and malicious in an attempt to be granted *in forma pauperis* status.

Plaintiff initiated case 3:09cv195-RV/EMT on May 6, 2009, and a report and recommendation was entered in that case by Magistrate Judge Timothy on June 1, 2009, recommending dismissal of the case as malicious for Plaintiff's failure to disclose his prior cases. Doc. 10, of case 3:09cv195. The report and recommendation was adopted and the case dismissed on July 2, 2009. Docs. 13, 14 of that case.[1] Similarly, Plaintiff initiated case 4:09cv126-SPM/WCS on April 7, 2009, and I entered a report and recommendation on August 17, 2009, because Plaintiff failed to disclose his prior cases. Doc. 19 of that case. The report and recommendation was adopted and the case dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B) on September 16, 2009. Docs. 23, 24. Having twice had cases dismissed for failure to honestly disclose his prior cases, and being advised of the case numbers he had filed and reasons for dismissal, Plaintiff cannot stand before this Court now and claim ignorance of his prior litigation. Plaintiff intentionally attempted to deceive this Court and he has committed perjury in signing the complaint form and declaring all statements are true and correct.[2]

---

[1] At that time, Plaintiff was incarcerated in the Florida Department of Corrections under inmate number N17986. Plaintiff's signatures demonstrate it is the same Cliff Hanson who has filed this case.

[2] Plaintiff admits in the instant complaint, doc. 1, that he had filed only one other federal case, and he failed to properly identify that case. Doc. 1, p. 5. Plaintiff failed to also disclose that he filed case 4:06cv348-RH/AK on July 21, 2006, doc. 1, and it was dismissed under 28 U.S.C. § 1915(e)(2) the end of November, 2007. Docs. 52, 53. Plaintiff also failed to acknowledge case 4:07cv403-RH/WCS which he initiated on September 19, 2007. I entered a report and recommendation for dismissal of that case because Plaintiff failed to file an amended complaint and the financial affidavit as ordered. Doc. 5. The case was dismissed prior to service in mid-December, 2007. Docs. 6, 7. Plaintiff also failed to disclose case 4:03cv281-WS/WCS, which he initiated on September 5, 2003. Doc. 1. It was likewise dismissed for failing to file an amended complaint in late April, 2004. Docs. 15, 16 of that case. Further, Plaintiff failed to disclose a petition for writ of habeas corpus he filed in this Court under § 2254 on June 20, 2007, which was dismissed without prejudice on January 9, 2008, for failure to

While this case could be dismissed as malicious and an abuse of the judicial process in failing to honestly list prior litigation, this case cannot proceed because Plaintiff's motion for *in forma pauperis* status must be denied.  In addition to the above two dismissals, Plaintiff also initiated case 4:09cv402 in this Court.  I entered a report and recommendation in that case on December 23, 2009, finding it was barred by *Heck v. Humphrey* and failed to state a claim.  Doc. 8 of that case.  The recommendation was adopted and the case dismissed under 28 U.S.C. § 1915(e)(2)(B) just two years ago in January of 2010.  Docs. 9, 10.  That makes three prior dismissals under § 1915.  Thus, pursuant to 28 U.S.C. § 1915(g), Plaintiff is barred from proceeding in this case

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As demonstrated above, Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.

The instant complaint contains no allegations that Plaintiff is in jeopardy of serious physical injury and, thus, he is not within the "imminent danger" exception.  Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed.  The dismissal should be without prejudice

---

exhaust available state remedies.  Case 4:07cv287-RH/WCS.

to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions to proceed *in forma pauperis*, docs. 2 and 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2012.


   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**